# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 26, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| AMBER BOB, *on behalf of* * | | UNPUBLISHED |
| *her minor child*, G.B., * | | |
| * | | |
| Petitioner, * | | No. 20-931V |
| * | | |
| v. * | | Special Master Gowen |
| * | | |
| SECRETARY OF HEALTH * | | Motion for Dismissal Decision; |
| AND HUMAN SERVICES, * | | Human Papillomavirus ("HPV") |
| * | | Gardasil. |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Andrew D. Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Voris. E. Johnson,* U.S. Department of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On July 30, 2020, Amber Bob, on behalf of her minor child, G.B., filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that G.B. suffered from a severe adverse reaction, including Postural tachycardia syndrome ("POTS") as a result of receiving the Gardasil vaccine on August 3, 2017 and March 5, 2018. Petition at Preamble. Petitioner filed supporting medical records on October 1, 2020 (ECF No. 10).

On July 24, 2021, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 27). Petitioner stated that she has made the choice to "opt out of the Vaccine Program," and that "[S]he wishes to pursue a third-party action in district court against Merek directly." Pet. Mot. at ¶ 3. She continued, "[t]his choice should not be

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

viewed in any way that Petitioner does not believe in the merits of her claim or that [G.B.'s] injuries are not a result of Gardasil…..[she] simply needs a judgment from the Vaccine Program so that she may reject said judgment and submit her lection to opt out." *Id.* Respondent has no objection to petitioner's motion. *Id.* at ¶ 4. Petitioner understands that an adverse decision in the Vaccine Program dismissing her petition will result in a judgment against her and that such judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 5. Therefore, petitioner intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action at the appropriate time. *Id.*

To received compensation under the Vaccine Program, petitioners must prove either (1) that she suffered a "Table Injury," i.e. an injury falling within the Vaccine Injury Table-corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that G.B. suffered a Table Injury. Further, the information in the record indicates that insufficient evidence has been presented to justify an award at this time. Additionally, in light of petitioner's motion for a decision dismissing her petition, a further investigation is unwarranted. As such, the petition is hereby, **DIMISSED.**

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).